## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## 03-20882-CR-PAS

UNITED STATES,

v.

CHARGOIS ANDERSON,

      Defendant.

_____/

## OMNIBUS ORDER DISMISSING
## DEFENDANT'S MOTION TO REVIEW SENTENCE, AND DENYING
## MOTIONS FOR DEFAULT AND MOTION FOR ISSUANCE
## OF CERTIFICATES OF APPEALABILITY

THIS MATTER is before the Court upon four motions that Defendant Chargois Anderson has filed.  The first and second motions seek Review of Sentence Pursuant to 18 § 3742 [DE 144], and for Default Judgment Rule 60(B) [DE 155] related to the first Motion.  The third and fourth motions ask for Consideration [DE 150], and a Default related to that Motion [DE 152].  The Government filed a belated Response to the Defendant's Motion for Consideration [DE 153].

Having carefully reviewed the Parties' submissions and the record, Defendant's first motion to review his sentence pursuant to 18 § 3742 [DE 144] must be dismissed for lack of jurisdiction.  All of his remaining motions: his Motion for Default Judgment Rule 60(B) [DE 155], for Consideration [DE 150], and for Default [DE 152], must also be denied based on the law of the case.  No Certificate of Appealability will be provided for any of the issues Defendant raised.

All four of Defendant's Motions challenge the constitutionality of his conviction and sentence.[1]  Moreover, this Court as well as the Eleventh Circuit have already rejected the premises of Defendant's newest challenge several times.[2]  The essence of Defendant's motions is that the imposition of a seven-year sentence for *brandishing* a firearm during a crime of violence is unconstitutional because the jury only convicted him of *using* a firearm during a crime of violence, which only carries a five-year sentence.  Notwithstanding the Defendant's persistence, the Eleventh Circuit has found that his 2005 conviction and sentence for brandishing a firearm in violation of 18 U.S.C. § 924(c) is valid under *United States v. Booker*, 543 U.S. 220 (2005), *Alleyene v. United States*, 133 S. Ct. 2151 (2013), *Johnson v. United States*, 576 U.S. ____, 135 S. Ct. 2551 (2015), *United States v. Davis*, 588 U.S. ___, 139 S. Ct. 2319 (2019), and the Federal Sentencing Guidelines.  Thus, Defendant's Motions which raise the same, previously rejected, arguments must be dismissed and/or denied as discussed below.

A.    Background

On January 21, 2005, a jury convicted Defendant of several felony charges arising from a series of delivery truck robberies.  Defendant was convicted of one count of conspiracy to

---

[1] On direct appeal, the Eleventh Circuit affirmed Defendant's conviction. *USA v. Chargois Ramon Anderson*, Case No. 05-10506-CC (11th Cir. Feb. 6, 2006).  The Eleventh Circuit rejected Defendant's argument that pursuant to *United States v. Booker*, 543 U.S. 220 (2005), his sentence had been imposed in violation of due process and violated *ex post facto* principles. That Court held that although *Booker* rendered the Federal Sentencing Guidelines advisory rather than mandatory, Defendant had ample warning of the possible statutory maximum sentence for the committed offenses, thus no due process or *ex post facto* violation occurred at his sentencing.

[2] Defendant filed his first 2255 Motion to Vacate in 2007, a second 2255 Motion to Vacate in 2013, and a third 2255 Motion to Vacate in 2016. All of these Motions were denied or dismissed. Defendant has unsuccessfully sought Eleventh Circuit authorization three times to file a successive 2255. See *In re: Chargois Anderson*, Case Nos. 14-12278-F, 16-13267-J,19-13141-F.

interfere with commerce by robbery and three counts of interfering with commerce by robbery (Hobbs Act Robbery), all in violation of 18 U.S.C. § 1951(a). He was also convicted of one count of carjacking in violation of 18 U.S.C. § 2119, and one count of use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924 (c) [DE 107]. The § 924 (c) count specifically identified those counts that alleged Hobbs Act robbery and carjacking as the predicate crimes of violence.

At sentencing, the Court applied an enhanced sentence of seven years based upon the Court's finding that the Defendant had, in fact, brandished a firearm in relation to a crime of violence. The Court sentenced the Defendant to a term of 272 months' imprisonment, including an 84-month consecutive sentence for brandishing a firearm in furtherance of a crime of violence [DE 107 at 2].

B. Motion for Review of Sentence Pursuant to 18 USC § 3742 [DE 144]

In this motion, Defendant again asserts that the § 924(c) conviction and sentencing enhancement for brandishing a firearm were improper under the Sentencing Guidelines. Although the Motion was brought pursuant to § 3742, it is in substance a second or successive 28 U.S.C. § 2255 Motion to Vacate. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Defendant, who filed his original § 2255 motion in 2007, his second § 2255 motion in 2013, and his third § 2255 Motion in 2016, was required to first obtain authorization from the Eleventh Circuit Court of Appeals before this Court can consider the Motion. See 28 U.S.C. § 2244(b)(3)(A), 2255(h). Without such authorization, this Court lacks jurisdiction to entertain the Motion, and it must be dismissed. *Felix v. United States*, 709 Fed. Appx. 543, 548 (11th Cir. 2017).

C. <u>Rule 60(b) Motion for Default [DE 155]</u>

This motion asks that his Motion for Review of Sentence be granted by default because the Government did not file a response. This Motion must be denied because it seeks substantive relief related to the Motion for Review of Sentence, over which the Court lacks jurisdiction.

D. <u>Motion for Reconsideration</u>[3]

In Defendant's Motion for Consideration, which the Court treats as a Motion for Reconsideration, he requests that this Court issue Certificates of Appealability (COA) for two of his three previously-denied Motions to Vacate. This Motion must also be denied because his request for a COA is untimely and meritless.

Specifically, in 2014 and 2016, Defendant's Motions to Vacate were denied and no certificate of appealability issued for either case.  Defendant did not seek to timely appeal those denials and did not request reconsideration of the Court's decisions declining to issue a Certificate of Appealability until August of 2019.  Thus, Defendant's request for a COA for those cases is untimely.  *United States v. Vicaria*, 963 F.2d 1412, 1414 (11th Cir. 1992) (citing Fed. R. App. P. 4(b)(1)(A)(i)) which requires criminal defendants to file a motion for reconsideration or notice of appeal within 14 days after the district court enters the judgment or order being appealed); *United States v. Russo*, 760 F.2d 1229, 1230 (11th Cir. 1985) (same effect).

---

[3] The Federal Rules of Criminal Procedure do not provide for motions for reconsideration. In ruling on a motion for reconsideration in a criminal case, federal district courts apply civil standards and exercise substantial discretion. *United States v. Pugh*, 426 F. App'x 876, 876 (11th Cir. 2011)).  A motion for reconsideration cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment" *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

Moreover, because Defendant did not first obtain Eleventh Circuit authorization to file either of those successive § 2255 Motions, this Court lacked jurisdiction to hear those Motions. When courts dismiss 2255 Motions for lack of jurisdiction, they may not issue a COA.[4] *Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007) ("Absent [court of appeals] authorization, the district court lacks jurisdiction to . . issue a COA with respect to [the successive motions], and dismissal is appropriate.")

Turning to the substance of the § 2255 Motions, the Eleventh Circuit denied Defendant authorization to pursue the claims raised in both the 2013 and 2016 Motions to Vacate.  As to the 2013 Motion, after this Court denied his successive § 2255 Motion, the Eleventh Circuit denied Defendant authorization to pursue his *Alleyene v. United States*, 133 S. Ct. 2151 (2013) claims raised in that Motion. That Court concluded that while *Alleyene* held that any facts that increases the applicable statutory mandatory minimum sentence for a crime must be submitted to a jury and found beyond a reasonable doubt, that holding had not been made retroactive to cases on collateral review, like the Defendant's case. *In re: Chargois Anderson*, Case Nos. 14-12278-F (11th Cir. June 10, 2014)

Similarly, in his 2016 Motion, the Eleventh Circuit denied Defendant authorization to pursue the *Johnson v. United States*, 576 U.S., 135 S. Ct. 2551 (2015) claims raised in that motion. See *In re: Chargois Anderson*, Case No. 16-13267-J (11th Cir. June 28, 2016). *Johnson* held the residual clause of the Armed Career Criminal Act ("ACCA") unconstitutionally vague. In his motion, Defendant argued that the language in the ACCA was nearly identical to that in §

---

[4] Defendant did not need to obtain a COA to challenge this Court's determination that it lacked jurisdiction over his 2013 or 2016 Motions to Vacate.  See *Hubbard v. Campbell*, 379 F.3d 1245, 1246–47 (11th Cir. 2004) (no COA is required to appeal the dismissal for lack of jurisdiction of an unauthorized successive habeas petition).  See *United States v. Robinson*, 579 Fed. Appx. 739, 741 n.1 (11th Cir. 2014).

924(c), and thus § 924 (c) should also be deemed unconstitutional as it pertained to the

Defendant's conviction and sentence. The Eleventh Circuit opined that Defendant's § 924(c)

conviction and sentence were based on use of a firearm during a substantive Hobbs Act Robbery

and carjacking, which qualified as crimes of violence under the elements clause of § 924(c).

Because the elements clause would remain unaltered even if the holding in *Johnson* was

extended to § 924(c), the Eleventh Circuit held Defendant would not be entitled to relief under

*Johnson.* Defendant was therefore unable to make a *prima facie* showing to warrant

authorization to file a successive § 2255 Motion.[5]

    Simply put, there is no basis to issue a COA for the denial and/or dismissal of the

Defendant's successive Motions to Vacate filed in 2013 and 2016.  His Motion for

Reconsideration must therefore be denied.

### E.  Motion for Default pursuant to Rule 60(B)(A)

In his Motion for Default [DE 152], Defendant cites Rule 60(B)(A), and argues that

because the Government failed to timely respond to the Defendant's Motion for Consideration

that the Defendant's requested relief should be granted by default.  The Government, in its

belated response, explains that the assigned AUSA suffered a death in the immediate family that

caused his tardy response. [DE 153 at 1, n.1].[6]

---

[5]  On August 30, 2019, the Eleventh Circuit denied the Defendant's most recent request to file a successive § 2255 Motion based on *United States v. Davis*, 588 U.S. ___, 139 S. Ct. 2319 (2019).  In *Davis*, the Supreme Court extended its holding in *Johnson* and held that § 924(c)'s residual clause, like the residual clause in the ACCA was unconstitutionally vague. The Eleventh Circuit, consistent with its earlier denial of the Movant's request to file a successive § 2255, concluded that *Davis* was not applicable to the Defendant's case because his predicate crimes were crimes of violence under § 924(c)'s elements clause, and thus were unaffected by *Davis*.

[6] The Government also correctly asserted that Defendant was not entitled to relief pursuant to the Supreme Court's holding in *Johnson*.

The AUSA has shown good cause for his late filing. Moreover, Defendant was not prejudiced in any way by that late filing as there is no basis for this Court to issue a COA for the Defendant's successive Motions to Vacate. The Defendant's Motion for default is therefore denied. Therefore, it is

**ORDERED** that:

1. Defendant's Motion for Review of Sentence Pursuant to 18 § 3742 [DE 144] is **DISMISSED** for lack of jurisdiction;

2. Defendant's Motion for Default Judgment Rule 60(B) [DE 155] is **DENIED.**

3. Defendant's Motion of Consideration [DE 150], and Motion for Default [DE 152], are **DENIED**;

4. No Certificate of Appealability will issue because the Court lacks jurisdiction to issue one for the successive Motion to Vacate and the Defendant has failed to demonstrate that reasonable jurists could debate the denial of the Defendant's requested relief.

**DONE and ORDERED** in Miami, Florida, this 21st day of October, 2020.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE